Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3254 | **DATE** | May 28, 2013 |
| **CASE TITLE** | Dorian Luzaj (#M-35224) vs. John Raymond Berg | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. The clerk is directed to send the plaintiff an i.f.p. application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case. The plaintiff is advised that he is required to provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Chicago attorney, committed legal malpractice during the course of representing the plaintiff in his state criminal case.

The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from October 30, 2012, through April 30, 2013].

The plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The clerk will furnish the plaintiff with an *in forma pauperis* application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

The plaintiff would be well advised to conduct some basic legal research before deciding whether to pursue this lawsuit. In order to be liable under 42 U.S.C. § 1983, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys are not considered state officials for purposes of Section 1983 litigation. Defense attorneys, whether public defenders or privately retained counsel, are not "state actors" in providing legal representation to criminal defendants and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001). Malpractice actions generally belong in state court. In fact, the complaint bears a DuPage County court caption. Perhaps the plaintiff did not intend to file suit in federal court.

Finally, the plaintiff is reminded that he is required to provide the court with the original plus a judge's copy of every document filed.