# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3254 | **DATE** | July 8, 2013 |
| **CASE TITLE** | Dorian Luzaj (#M-35224) vs. John Raymond Berg | | |

**DOCKET ENTRY TEXT:**

The complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to pursuing any relief that may be available in state court or under habeas corpus. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Chicago attorney, committed legal malpractice during the course of representing the plaintiff in his state criminal case. The plaintiff additionally contends that the defendant refused to return his retainer after he was discharged. The plaintiff has paid the statutory filing fee, as directed. *See* Minute Order of May 28, 2013.

The complaint is nevertheless summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. Under that statute, the court is required to dismiss a suit brought by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as an actionable federal claim as matter of law.

As the court previously advised the plaintiff, in order to be liable under 42 U.S.C. § 1983, an individual must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys are not considered state officials for purposes of Section 1983 litigation. Defense attorneys, whether public defenders or privately retained counsel, are not "state actors" in providing legal representation to criminal defendants and therefore cannot be sued for damages under the Civil **(CONTINUED)**

mjm

Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Logan v. Laterzo*, 24 Fed. App'x. 579, 582 (7th Cir. 2001). Malpractice actions generally belong in state court. In fact, the complaint bears both a federal court case caption and a DuPage County court caption, and the plaintiff indicates that an earlier suit was already filed in the circuit court. For this reason, the court gave the plaintiff the opportunity to withdraw his federal lawsuit.

Furthermore, the plaintiff's claim that he had no choice but to plead guilty on account of defense counsel's performance is, essentially, a challenge to the validity of the resulting conviction. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hampton v. Leibach*, 347 F.3d 219 (7th Cir. 2003). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. A finding that the plaintiff was improperly convicted would, of course, call into question the propriety of that conviction. *See, e.g., Levine v. Kling*, 123 F.3d 580, 582 (7th Cir. 1997) (holding that, under Illinois law, a plaintiff suing his former appellate defense counsel must prove his own innocence and that a plaintiff is precluded from doing so under *Heck* if the conviction has not been overturned).

To the extent that the plaintiff holds the defendant responsible for his conviction, his only recourse in federal court is to file a petition for a writ of habeas corpus. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Accordingly, the plaintiff's civil rights complaint is dismissed. The plaintiff must file a petition for a writ of habeas corpus (assuming he can show exhaustion of state court remedies and satisfies filing deadlines), if he believes that he is entitled to relief under 28 U.S.C. § 2254.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to pursuing any relief that may be available in state court or under habeas corpus. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."